UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**BEAU D. JAMMES,**
**Plaintiff,**

**v.** **Case No. 23-C-911**

**LT. SCHOOL, et al.**
**Defendants.**

---

## SCREENING ORDER

Plaintiff Beau D. Jammes, an individual incarcerated at the Outagamie County Jail, filed a pro se complaint under 42 U.S.C. § 1983 alleging that the defendants violated his civil rights. This order resolves the plaintiff's motions for leave to proceed without prepaying the filing fee and to amend his complaint and screens his complaint.

### I. MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE

The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

The plaintiff filed two motions for leave to proceed without prepaying the filing fee. The first is on a form designated for filing in the Western District of Michigan. ECF No. 2. The second is on the proper form for this court. ECF No. 6. On August 23, 2023, I ordered that the plaintiff would not be required to pay an initial partial filing fee. ECF No. 10. I will deny as moot the plaintiff's first motion for leave to proceed without prepaying the filing

fee (ECF No. 2) and grant the plaintiff's second motion. He will be required to pay the remainder of the filing fee over time in the manner explained at the end of this order.

## II. SCREENING THE COMPLAINT

### A. Federal Screening Standard

Under the PLRA, I must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, I apply the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, "accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or laws of the United States,

and that whoever deprived him of this right was acting under the color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). I construe pro se complaints liberally and hold them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

**B. Plaintiff's Allegations**

The plaintiff's complaint also is on a form designated for filing in the Western District of Michigan. Nonetheless, the complaint names as defendants Outagamie County Jail Lieutenant School, Appleton Police Department Officer McCord, probation agent Samantha Hoffer, and Outagamie District Attorney Isaac R. Lent.

The plaintiff's allegations are brief. He alleges that Officer McCord "acted malicous [sic] and falsley [sic] imprison[ed]" the plaintiff on June 1, 2023. ECF No. 1 at 5. He says McCord targeted him and placed him in handcuffs to detain him before he had "any info," and he then charged the plaintiff "with DC and false imprisonment [and] took him to Jail." *Id.* The plaintiff alleges that probation agent Hoffer falsely revoked the plaintiff's probation "even after his girl" told Hoffer that the plaintiff "did none of it." *Id.* He alleges that district attorney Lent "could of dropped the false case against [the plaintiff] and refused." *Id.* Finally, the plaintiff alleges that Lieutenant School told the plaintiff "he don[']t give a shit about [the plaintiff's] PREA complaint or that Jason Owens provoked or swung back in a fight with [the plaintiff]." *Id.* The plaintiff says he was given ten days segregation, but Owens "got none." *Id.* The plaintiff insists this "also shows retaliation." *Id.*

On September 14, 2023, the court received an additional document from the plaintiff, in which he adds details to his claims. ECF No. 11. He says that officers and

sergeants at the Outagamie County Jail assaulted him numerous times between 2014 to 2017. He alleges that an officer admitted to using excessive force on the plaintiff in 2014. He says the Jail allows group punishments, including standing count every forty-five minutes. He alleges that this practice was caught on a lieutenant's body-worn camera on September 10, 2023.

The plaintiff also alleges recent harassment or mistreatment by officers at the Jail. He says that on September 8, 2023, he pressed the emergency button in his cell four times because he had to use the bathroom, but no one came to unlock his cell. The plaintiff says he was forced to defecate in his shirt. The plaintiff says that the next day, another officer gave him a conduct report "for being loud which he was not." *Id.* at 2. He says the officer threatened to give him another conduct report for covering the light in his cell. He claims this officer is harassing him "ever[y] 2 seconds yelling at [him] to stand for count then threaten to take him to the hole for not standing for count." *Id.* The plaintiff asks to add as defendants the lieutenants and officers who attacked him in 2014 to 2017 and threatened or harassed him in September 2023.

The plaintiff sues the defendants in their individual and official capacities. He seeks "charges on all who are found guilty" and monetary damages. ECF No. 1 at 6. He also asks that a jury decide his case.

**C. Analysis**

To begin, I will not allow the plaintiff to proceed on the claims in his supplemental pleading. Courts do not allow "piecemeal" pleading through a complaint and supplemental pleadings. *See Markovic v. Milwaukee Secure Det. Facility*, No. 19-CV-675-JPS, 2019 WL 6729198, at *1 (E.D. Wis. Dec. 11, 2019); *Jenkins v. City of Kenosha*, No. 17-CV-

1779-JPS, 2018 WL 2727904, at *3 (E.D. Wis. June 6, 2018). But more importantly, the claims in the plaintiff's complaint and those in his supplement are not related or brought against the same defendants. Multiple claims against a single party are fine, but a plaintiff cannot bring *unrelated* claims against *different* defendants in the same case. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); Fed. R. Civ. P. 18(a) and 20(a)(2). Yet that is exactly what the plaintiff is attempting to do with his pleadings. His complaint involves events and defendants related to the revocation of his probation in June 2023. His supplemental pleading seeks to proceed on events from 2014 through 2017 and September 2023. The claims related to the events in 2014 through 2017 are likely untimely. *See Huber v. Anderson*, 909 F.3d 201, 207 (7th Cir. 2018) (citing 2017 Wis. Act 235 (eff. Apr. 5, 2018)). The claims related to events in September 2023 are related to each other but not to the claims in the complaint. If the plaintiff wants to proceed on those claims, he must file a new complaint about them. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (citing Fed. R. Civ. P. 21).

The complaint seeks to proceed against Officer McCord for falsely imprisoning the plaintiff in June 2023. This claim arises under the Fourth Amendment. *See Alexander v. McKinney*, 692 F.3d 553, 558 (7th Cir. 2012) (citing *Albright v. Oliver*, 510 U.S. 266, 275 (1994) (plurality opinion)). The complaint alleges scant detail, but the plaintiff says Officer McCord detained, handcuffed, and arrested the plaintiff and took him to the Jail without first collecting any relevant information. Although the details are scare, I will allow the plaintiff to proceed on this claim. I note, however, that if Officer McCord had probable cause to arrest the plaintiff, he will have an absolute defense to the plaintiff's § 1983 claim.

*See Abbott v. Sangamon County*, 705 F.3d 706, 713–14 (7th Cir. 2013) (citing *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006)).

The plaintiff may not proceed on a claim against probation agent Hoffer. The plaintiff alleges that Hoffer wrongly revoked his probation. But probation agents are entitled to absolute immunity for performing their professional duties, which includes the "prototypical quasi-judicial act" of deciding to revoke probation. *Wilson v. Kelkhoff,* 86 F.3d 1438, 1445 (7th Cir. 1996) (citing *Walrath v. United States*, 35 F.3d 277, 283 (7th Cir. 1994)). By filing a request or recommendation to revoke the plaintiff's probation, Hoffer did not violate the plaintiff's rights; she was merely doing the "often thankless job of probation officer." *Tobey v. Chibucos*, 890 F.3d 634, 650 (7th Cir. 2018).

Nor may the plaintiff proceed against district attorney Lent. The plaintiff says Lent refused to drop allegedly false charges against the plaintiff. Prosecutors also are absolutely immune from suit for actions taken in initiating and pursuing criminal prosecutions because that conduct is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31 (1976); *Davis v. Zirkelbach*, 149 F.3d 614, 617 (7th Cir. 1998). That includes charging decisions. *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). The plaintiff may not file a lawsuit against the district attorney for pursuing charges against him.

Finally, the plaintiff seeks to proceed against Lieutenant School for disregarding the plaintiff's PREA (Prison Rape Elimination Act) complaint and his complaint about his fight with another prisoner. But the plaintiff does not allege that Lieutenant School kept the plaintiff from filing these complaints or that he was unable to file them. He alleges only that Lieutenant School told him that "he don[']t give a shit about" the complaints. This

amounts to verbal harassment at most, which does not violate the Constitution. *See Lisle v. Welborn*, 933 F.3d 705, 719 (7th Cir. 2019) (citing *Beal v. Foster*, 803 F.3d 356, 357–58 (7th Cir. 2015)) (explaining that prison staff's use of even "[r]epugnant words . . . will seldom rise to an Eighth Amendment violation" because "[r]elationships between prisoners and prison staff are not always marked by genteel language and good manners").

The plaintiff also alleges that he received harsher punishment than the prisoner he fought with, which he believes suggests he was retaliated against. But the plaintiff does not allege that he engaged in any protected conduct for which he faced retaliation. *See Daugherty v. Page*, 906 F.3d 606, 610 (7th Cir. 2018). Fighting with another prisoner is not protected conduct. The plaintiff's brief reference to retaliation does not state a claim.

The plaintiff seeks to proceed against the defendants in their individual and official capacities. Claims against an official in his official capacity represent another way to plead an action against the entity that he represents or for which that official works. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690, n. 55 (1978)). The only remaining claim is against an officer of the Appleton Police Department. The claim against Officer McCord in his official capacity is therefore construed as having been brought against the City of Appleton. *Graham*, 473 U.S. at 165–66; *see Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

A local government such as a municipality or county "cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell*, 436 U.S. at 691 (emphasis in original). A municipality may "be held liable under § 1983 only for its own violations of

federal law." *Los Angeles Cnty., Cal. v. Humphries*, 562 U.S. 29, 36 (2010) (citing *Monell*, 436 U.S. at 694). To demonstrate municipal liability, a plaintiff "must demonstrate that there was an 'official policy, widespread custom, or action by an official with policy-making authority [that] was the "moving force" behind his constitutional injury.'" *Estate of Perry v. Wenzel*, 872 F.3d 439, 461 (7th Cir. 2017) (quoting *Daniel v. Cook Cnty.*, 833 F.3d 728, 734 (7th Cir. 2016)).

The plaintiff does not allege that Officer McCord was acting pursuant to an unconstitutional policy or custom of the City of Appleton when he falsely arrested him. He alleges that Officer McCord personally detained and arrested him without first collecting relevant information. These allegations are insufficient to hold the City of Appleton liable for the actions of its employee. The plaintiff may not proceed against Officer McCord in his official capacity.

As a final note, the plaintiff seeks damages and criminal charges against Officer McCord. But the plaintiff does not have a constitutional right to an investigation or prosecution of another person. *See Wright v. Runyan*, 774 F. App'x 311, 312 (7th Cir. 2019) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). He may proceed on his request for damages only.

## III. CONCLUSION

For the reasons stated, **IT IS ORDERED** that the plaintiff's first motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the plaintiff's second motion for leave to proceed without prepaying the filing fee (ECF No. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff's motion to amend his complaint and add parties (ECF No. 11) is **DENIED**.

**IT IS FURTHER ORDERED** that defendants Lieutenant School, Samantha Hoffer, and Isaac R. Lent are **DISMISSED**. The clerk shall **TERMINATE** them as defendants from the docket.

**IT IS FURTHER ORDERED** that the U.S. Marshals Service shall serve a copy of the complaint and this order upon defendant Officer McCord with the Appleton Police Department pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals Service will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS FURTHER ORDERED** that Officer McCord shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that the agency having custody of the plaintiff shall collect from the plaintiff's prison trust account the full $350 filing fee **by collecting payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the account in any month in which either (1) the balance in the account exceeds $10 or (2) the income credited to the account in the preceding month exceeded $10.** The collected payments shall be sent to the

Clerk of Court. The payments shall be clearly identified by the case name and number assigned to this case. If the plaintiff is transferred to another county, state, or federal institution, the transferring institution shall forward a copy of this Order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the plaintiff is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are incarcerated at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are incarcerated at all other prison facilities (or who are not incarcerated) must submit the original document for each filing to the court to the following address:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

The plaintiff is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must

[1] The Prisoner E-Filing Program is mandatory for all prisoners of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

notify the Clerk of Court of any change of address. The plaintiff is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. The plaintiff's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Dated at Milwaukee, Wisconsin this __ day of September, 2023.

______________________________
LYNN ADELMAN
United States District Judge